UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
DENISE D. CRANMORE,            )
                               )
                Plaintiff,     )
                               )
        v.                     )        CIVIL ACTION
                               )        NO. 16-10504-WGY
WELLS FARGO BANK, N.A., d/b/a   )
AMERICAN'S SERVICING CO. a/k/a  )
BERKSHIRE HATHAWAY INC. & U.S.  )
BANK, N.A., AS TRUSTEE FOR      )
RESIDENTIAL ASSET SECURITIES CORP. )
a/k/a HOME EQUITY MORTGAGE      )
ASSET-BACKED PASS-THROUGH       )
CERTIFICATES, SERIES 2006-EMX9, )
                               )
                Defendants.    )
_____)
```

YOUNG, D.J.                                    October 18, 2019

**MEMORANDUM OF DECISION**


I.    **INTRODUCTION**

        This matter came before this Court as a case stated, <u>see</u>

<u>United Paperworkers Int'l Union, Local 14</u> v. <u>International Paper</u>

<u>Co.</u>, 64 F.3d 28, 31 (1st Cir. 1995) (citing <u>Equal Employment</u>

<u>Opportunity Comm'n</u> v. <u>Steamship Clerks Union 1066</u>, 48 F.3d 594,

603 (1st Cir. 1995)), to resolve the one count remaining after

another session of the court twice denied summary judgment.  <u>See</u>

ECF Nos. 26 (denying summary judgment on all counts), 60

(denying summary judgment on part of count III).  The plaintiff

Denise Cranmore ("Cranmore") contends that Wells Fargo Bank, National Association ("Wells Fargo") and U.S. Bank, National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX9 ("U.S. Bank as Trustee for Series 2006-EMX9") violated chapter 93A of Massachusetts General Laws by initiating foreclosure proceedings on her property without possession of both the note and the mortgage as required by Massachusetts law. The Defendants argue, among other things, that Cranmore cannot prove that the holder of the mortgage did not hold the note when it noticed foreclosure or that they met the scienter requirement of her chapter 93A claim.

## A. Stipulated Facts[1]

Cranmore borrowed $331,500 from Mortgage Lenders Network USA, Inc. ("Mortgage Lenders Network") on June 29, 2006 to purchase a property in Milton, Massachusetts ("the Property"). See Stipulated Facts ¶ 1. Cranmore's promissory note on this debt was secured by a mortgage on the Property and listed Mortgage Lenders Network as the lender. See id. & Ex. A,

---

[1] As is customary in a case stated, the parties have stipulated to most of the relevant facts to facilitate the Court's resolution of the central disputed issue. See Stipulated Facts, ECF No. 74.

Adjustable Rate Balloon Note ("Note") 2, ECF No. 74-1.[2]  The

mortgage designated Mortgage Electronic Registration Systems,

Inc. ("MERS") as the nominee for the lender.  <u>See</u> Stipulated

Facts ¶ 5 & Ex. B, Mortgage 10, ECF No. 74-1.

On October 17, 2011, MERS assigned the Mortgage to U.S.

Bank, National Association, as Trustee for RASC 2006-EMX9 ("U.S.

Bank as Trustee for RASC 2006-EMX9").  Stipulated Facts ¶ 6 &

Ex. C, Corporate Assignment Mortgage ("First Assignment") 35,

ECF No. 74-1.  On February 17, 2015, U.S. Bank Trustee RASC

2006-EMX9 assigned the mortgage to U.S. Bank as Trustee for

Series 2006-EMX9.  Stipulated Facts ¶ 7 & Ex. D, Corporate

Assignment Mortgage ("Second Assignment") 38, ECF No. 74-1.

Wells Fargo has been the servicer of the mortgage loan on

behalf of U.S. Bank since at least 2009.[3]  <u>See</u> Stipulated Facts

¶ 8; Statement Material Facts Supp. Defs.' Mot. Summ. J.

---

[2] Since the document at ECF number 74-1 -- which includes
Exhibits A through U to the parties' stipulated facts -- spans
over 93 pages, the page numbers in this opinion's citations
reference the relevant page number out of the total of 93 pages.

[3] It is not clear from the record at what point MERS
transferred loan servicing responsibilities to Wells Fargo, as
this transfer seems to have occurred prior to the mortgage's
assignment to U.S. Bank in 2011.  <u>See</u> First Assignment.  The
parties aver, however, that "Defendant Wells Fargo acts as loan
servicer for Defendant U.S. Bank with respect to Plaintiff's
loan" and that "[p]resently and at all relevant times prior to
commencing foreclosure, Defendant Wells Fargo or its legal
counsel has had possession of the Note."  Stipulated Facts ¶ 8
(citing Decl. Stephanie Bradford Supp. Def. Wells Fargo's Mot.
Summ. J. ¶ 2, ECF No. 19).

("Statement Facts Defs.' First Mot. Summ. J."), Ex. E, Special

Forbearance Plan, ECF No. 10-5.

The Note was endorsed multiple times since 2006.  See

Stipulated Facts ¶¶ 2-4.  As explicated in Judge Wolf's

memorandum and order:

> The Note contains three undated assignments: (a) from "Mortgage Lenders Network USA" to "EMAX Financial Group, LLC"; (b) from "EMAX Financial Group, LLC" to "Residential Funding Company, LLC"; and (c) from "Residential Funding Company LLC" to "U.S. Bank National Association as Trustee."  The last assignment does not specify the trust for which U.S. Bank acts as trustee.  Moreover, the last assignment is crossed-out in handwriting, next to a handwritten date of January 26, 2016.  Finally, the Note also contains an Allonge, which purports to assign the note from "Residential Funding Company, LLC" to U.S. Bank, as Trustee for Series 2006-EMX9.

Mem. & Order ("Wolf Mem. & Order") 9, ECF No. 60 (internal

citations omitted).

Cranmore defaulted on the loan in 2008.  Stipulated Facts

¶ 9.  She and Wells Fargo attempted unsuccessfully to modify

her loan between 2008 and 2016.  Id. ¶ 10.

A January 20, 2016 letter notified Cranmore that U.S. Bank

as Trustee for Series 2006-EMX9 intended to conduct a

foreclosure sale of the Property on February 19, 2016.  Id.

¶ 11 & Ex. E, Notice of Intention to Foreclose and of

Deficiency After Foreclosure of Mortgage ("Notice of

Foreclosure") 42-44, ECF No. 74-1.

Attached to the Notice of Foreclosure was a document, dated December 8, 2015, entitled "Certification Pursuant to Massachusetts 209 C.M.R. 18.21A(2)(c)." See Pl.'s Opp'n Defs.' Mot. Summ. J. ("Opp'n Defs.' First Mot. Summ. J.") 5-6, ECF No. 13; Stipulated Facts, Ex. E, Certification Massachusetts 209 C.M.R. 18.21A(2)(c) ("Certification") 51-52, ECF No. 74-1. The Certification -- written and signed by Deitrice Hemphill, Vice President of Loan Documentation at Wells Fargo, "pursuant to [her] review of the relevant business records, the records of the county recorder where the subject property is located, the title report, and/or information obtained from a title insurer or agent" -- purports to document the chain of title for the mortgage on the Property and its promissory note. The Certification indicates that an assignment from U.S. Bank as Trustee for RASC 2006-EMX9 to U.S. Bank as Trustee for Series 2006-EMX9 was recorded on February 25, 2015. Certification ¶ 8. Further, the Certification attests that U.S. Bank as Trustee for Series 2006-EMX9 "is the owner of the Promissory Note []." Id. ¶ 4. Indeed, Deitrice Hemphill's signature indicates her affiliation with "Wells Fargo Bank, N.A., DBA America's Servicing Company as sub servicer agent for U.S. Bank National Association, as trustee, for residential asset securities corporation, Home Equity Mortgage Asset-backed pass-through certificates, series 2006-EMX9." Certification 52.

On the date this Certification was completed, the Note itself indicated that it had been endorsed to "U.S. Bank as Trustee," but did not specify a trust. See Wolf Mem. & Order 9, 12; Note 7.

After a state court enjoined this foreclosure on February 17, 2016, see Wolf Mem. & Order 2; State Court Record 132, ECF No. 6, no foreclosure has occurred nor is one presently scheduled.

On September 29, 2017, Cranmore served a chapter 93A demand letter on the Defendants, to which they responded on October 25, 2017. Stipulated Facts ¶¶ 13-14.

**B.    Procedural History**

On February 17, 2016, very soon after receiving the January 2016 notice of foreclosure, Cranmore obtained a preliminary injunction in state court that prevented the Defendants from foreclosing on the Property. See Wolf Mem. & Order 2; Stipulated Facts ¶ 15; State Court Record 132.

In addition to seeking an injunction, Cranmore alleged that (1) U.S. Bank as Trustee for Series 2006-EMX9 did not hold the note at the time it initiated foreclosure proceedings and (2) Wells Fargo failed to make a good faith attempt to consider loan modifications. See Pl.'s Opening Br. Trial Case Stated ("Cranmore's Br.") 3-4, ECF No. 75.

Wells Fargo and U.S. Bank as Trustee for Series 2006-EMX9 removed the case to the District Court for the District of Massachusetts on the basis of diversity jurisdiction. See Wolf Mem. & Order 2. Judge Wolf denied the Defendants' first motion for summary judgment in September 2017, allowing Cranmore to amend her complaint and the parties to develop the record further. See id.

Cranmore's second amended complaint sought an injunction of the foreclosure (count I), a judgment declaring that the Defendants could not foreclose on the Property (count II), and damages for alleged violations of chapter 93A of Massachusetts General Laws ("Chapter 93A"). See id. Cranmore alleged that U.S. Bank as Trustee for Series 2006-EMX9 did not possess the Note at the time it initiated foreclosure proceedings and Wells Fargo communicated in a confusing and misleading manner and failed appropriately to consider loan modifications. See id. at 2-3.

On March 29, 2019, Judge Wolf granted summary judgment for the Defendants on counts I and II, ruling those claims "not ripe for judicial determination" as they "concern[ed] a hypothetical, future foreclosure that defendants ha[d] not yet noticed." Id. at 3. Judge Wolf also granted partial relief to the Defendants on count III, holding that Cranmore had failed to demonstrate a genuine dispute of material fact as to her claims regarding

Wells Fargo's communications and loan modification efforts.  See id. at 3-4.

The case, then consisting only of the remaining Chapter 93A claim, was transferred to this session of the Court pursuant to Local Rule 40.1(i) on July 5, 2019.  Electronic Clerk's Notes, ECF No. 67.  The parties agreed to proceed as a case stated, Electronic Clerk's Notes, ECF Nos. 71-72, and filed stipulated facts, trial briefs, and responses.  See Stipulated Facts; Cranmore's Br.; Defs.' Opening Br. Supp. Defs.' Mot. J. Case Stated ("Defs.' Br."), ECF No. 77; Pl.'s Resp. Defs.' Opening Br. Trial Case Stated ("Cranmore's Resp."), ECF No. 79; Defs.' Opp'n Pl.'s Opening Br. Trial Case Stated ("Defs.' Opp'n"), ECF No. 80.

On September 24, this Court heard argument and then granted judgment for the Defendants.  ECF Nos. 85-87.  This memorandum explains that decision.

## II.  ANALYSIS

### A.  Standard of Review

A case stated is appropriate upon the parties' consent where, as here, "the basic dispute between the parties concerns only the factual inferences that one might draw from the more basic facts to which the parties have agreed."  United Paperworkers Int'l Union, 64 F.3d at 31 (citing Equal Employment Opportunity Comm'n, 48 F.3d at 603).

When presiding over a case stated, the Court "may engage in a certain amount of factfinding, including the drawing of inferences." Id. In this exercise, "the Court need not draw all inferences against each moving party but, with the entire case stated before it, may instead draw such inferences as are reasonable to resolve the case." Cosme v. Salvation Army, 284 F. Supp. 2d 229, 234-35 (D. Mass. 2003) (quoting United Cos. Lending Corp. v. Sargeant, 20 F. Supp. 2d 192, 195 (D. Mass. 1998)).

**B. Massachusetts Consumer Protection Act**

Chapter 93A declares unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." 93A Mass. Gen. Laws § 2(a). An individual injured by any such "method, act or practice" may seek damages and equitable relief as appropriate. Id. § 9(1).

As Judge Wolf explained in his summary judgment decision:

> To prevail on her claim, Cranmore must prove that: (a) defendants "committed an unfair or deceptive act or practice"; (b) "the unfair or deceptive act or practice occurred in the conduct of any trade or commerce"; (c) she "suffered an injury"; and (d) defendants' "unfair or deceptive conduct was a cause of [her] injury."

Wolf Mem. & Order 18-19 (quoting Rafferty v. Merck & Co., 479 Mass. 141, 161 (2018)).

The parties do not dispute that -- if Wells Fargo and U.S. Bank as Trustee for Series EMX9 did commit an unfair or

deceptive act or practice -- that act or practice occurred in the conduct of trade or commerce, or that Cranmore suffered a sufficient injury.  See generally Cranmore's Br.; Defs.' Br.; Cranmore's Resp.; Defs.' Opp'n.

The central issue is thus whether Wells Fargo and U.S. Bank as Trustee for Series 2006-EMX9 committed an unfair or deceptive act or practice.

Any violation of chapter 18 of title 209 of the Code of Massachusetts regulations is per se "an unfair or deceptive act or practice" under Chapter 93A.  209 C.M.R. § 18.22(1).  Chapter 18 requires a "third party loan servicer" to comply with, among other provisions, section 35C of Massachusetts General Laws chapter 244.  209 C.M.R. § 18.21A(1)(c).  Section 35C, in turn, mandates that "[a] creditor shall not cause publication of notice of foreclosure . . . when the creditor knows or should know that the mortgagee is neither the holder of the mortgage note nor the authorized agent of the note holder."  244 Mass. Gen. Laws § 35C(b).  That section also specifies that "[a] creditor violates this chapter if the creditor makes statements to a state or federal court related to foreclosure or compliance with this chapter . . . that it knows or should know are false." Id. § 35C(d).  The Massachusetts legislature adopted these requirements after the Supreme Judicial Court in Eaton v. Federal Nat'l Mortg. Ass'n held that a mortgagee must either

hold the underlying note or be the authorized agent of the note

holder to carry out a nonjudicial foreclosure.  <u>See</u> 462 Mass.

569, 571, 584-86 (2012).

The key issue here is whether Wells Fargo and U.S. Bank as

Trustee for Series 2006-EMX9[4] noticed a foreclosure on the

Property when they knew or should have known that U.S. Bank as

Trustee for Series 2006-EMX9, the mortgagee, did not hold the

Note, thereby violating chapter 18 of title 209 of the Code of

---

[4] The Defendants dispute whether Cranmore may sue U.S. Bank
as Trustee for violating this provision of the Massachusetts
regulations.  Defs.' Br. 6 n.4.
    Section 35C of chapter 244 of Massachusetts General Laws
applies to "a creditor," defined as:

> a person or entity that holds or controls, partially,
> wholly, indirectly, directly or in a nominee capacity,
> a mortgage loan securing a residential property,
> including, but not limited to, an originator, holder,
> investor, assignee, successor, trust, nominee holder,
> Mortgage Electronic Registration System or mortgage
> servicer . . . The term creditor shall also include
> any servant, employee or agent of a creditor.

244 Mass. Gen. Laws § 35C(a).  The requirements in section
35C thus apply to both of the defendants in this case.
Section 18.21 of title 209 of the Code of Massachusetts
regulations, for its part, however, applies only to "third
party loan servicer[s]."  209 C.M.R. § 18.21A(1).  This may
indicate that while both loan servicers and other creditors
are subject to the requirements of section 35C, only
violations of such provisions by loan servicers are <u>per se</u>
unfair and deceptive practices under Chapter 93A.
    Because this Court concludes that Cranmore has failed
to prove liability for both parties even under the
§ 18.21A(1) <u>per se</u> standard, it declines to consider what
is required for Chapter 93A liability for a non-loan
servicer's violation of section 35C.

Massachusetts regulations and committing an unfair or deceptive act under Chapter 93A.  Cranmore's Br. 5-11; Def.'s Br. 6-13; Cranmore's Resp. 4-9; Defs.' Opp'n 3-10.

### C.  Burden of Proof

Each party argues that the other has the burden of proof on the dispositive issue here.  Cranmore's Br. 2-4; Defs.' Br. 6-8. The burden of proof is key to resolution of this case as both parties argue that the other side has failed to provide evidence supporting its theory.  Compare Cranmore's Resp. Defs.' Br. 10, with Defs.' Opp'n 2.

Cranmore points to multiple cases in the Massachusetts Court of Appeals that have required a mortgagee to set forth evidence to prove its compliance with the requirements of a nonjudicial foreclosure.  See Cranmore's Br. 5-6.  These opinions suggest that "once the mortgagor makes a plausible showing that the mortgagee does not hold the note and is not acting on behalf of the note holder, the mortgagee should carry the burden of proving that the foreclosure is valid under Eaton."  Khalsa v. Sovereign Bank, N.A., 88 Mass. App. Ct. 824, 829 n.7 (2016)); see also Carroll v. Bank of New York Mellon, 2017 Mass. App. Unpub. LEXIS 378, at *17-18 & n.24 (2017) (recognizing that "the Supreme Judicial Court has yet to address whether, at trial in an action . . . challenging the validity of a foreclosure under Eaton, the plaintiff-mortgagor or the

defendant-mortgagee would bear the burden of proof," but suggesting that the "mortgagee should carry the burden of proving that the foreclosure is valid" after the mortgagor "sets forth a plausible claim to the contrary.").

This standard applies when a mortgagor "challeng[es] the validity of a nonjudicial foreclosure under <u>Eaton</u>." <u>Id.</u>  In this case, however, no party contends that a valid foreclosure took place; the issue of the foreclosure has been mooted.  <u>See</u> Wolf Mem. & Order 3.  Instead, Cranmore seeks to hold the Defendants liable for damages under Chapter 93A.  <u>See id.</u> Accordingly, she bears the burden of proving that they committed an unfair or deceptive trade practice.  <u>See</u> <u>Schaffer</u> v. <u>Weast</u>, 546 U.S. 49, 56-57 (2005) (recognizing the "ordinary default rule that plaintiffs bear the risk of failing to prove their claims").

The Defendants cite a First Circuit case for the proposition that a Chapter 93A claim requires more than an allegation "that defendants foreclosed . . . in violation of Massachusetts foreclosure law," and indeed requires "[s]omething more . . . to establish that the violation has an extortionate quality that gives it the rancid flavors of unfairness and deceptiveness."  Defs.' Opp'n 3 (quoting <u>Juarez</u> v. <u>Select Portfolio Servicing, Inc.</u>, 708 F.3d 269, 281 (1st Cir. 2013)).

This standard does not apply here, at least as to Wells Fargo,[5] because, as discussed above, the Massachusetts Code of Regulations explicitly defines a violation of chapter 18 of title 209 as per se "an unfair or deceptive act or practice" under Chapter 93A.  209 C.M.R. § 18.22(1).

    **D.  Cranmore Does Not Meet her Burden of Proof**

Residential Funding Company's endorsement of the Note to U.S. Bank as Trustee is a "special indorsement" under the Uniform Commercial Code ("UCC").  See Galvin v. U.S. Bank, N.A., 852 F.3d 146, 159 (1st Cir. 2017) (citing 106 Mass. Gen. Laws § 3-205(a)).  Chapter 106 of section 3-110 of Massachusetts General Laws governs such an instrument as follows:

> The person to whom an instrument is initially payable is determined by the intent of the person, whether or not authorized, signing as, or in the name or behalf of, the issuer of the instrument. The instrument is payable to the person intended by the signer even if that person is identified in the instrument by a name or other identification that is not that of the intended person.

106 Mass. Gen. Laws § 3-110(a) (see also Galvin, 852 F.3d at 159).  Therefore, whether U.S. Bank as Trustee for Series 2006-EMX9 held the Note at the time the Defendants initiated foreclosure proceedings depends on the intent of the signer of the endorsement.  See id.

---

[5] See supra 11 n.4.

In resolving the Defendants' first summary judgment motion in 2016, Judge Wolf held that there was a "genuine dispute of material fact as to who owned the note," concluding that "the failure to identify the specific trust in the first endorsement . . . raise[d] a factual issue as to which trust the note is endorsed to." Wolf Mem. & Order 20-21 (quoting Summ. J. Hr'g Tr. at 23:18-22). He further explained that the Defendants would prevail if discovery showed that "the original assignment was intended to be to the Defendant in this case and that the second endorsement was merely intended to clarify that or the second endorsement is evidence that the original assignment was intended to be to the Defendant in this case." Wolf Mem. & Order 21 (quoting Summ. J. Hr'g Tr. at 24:6-12).

When the Defendants once again sought summary judgment in 2018, Judge Wolf noted that they did "not provide additional evidence as to who owns the Note." Wolf Mem. & Order 21. As a result of this failure, Judge Wolf denied summary judgment and held that "a genuine dispute of material fact remain[ed] as to whether U.S. Bank, as Trustee for Series 2006-EMX9, held the Note when defendants attempted to foreclose on Cranmore's property in February 2016." Id. at 24.

Although Cranmore had yet another opportunity to prove that the Defendants did not hold the Note and knew or should have known as much when they published a foreclosure notice on the

Property, she has failed to prove either one of these required elements of her Chapter 93A claim.  See 209 C.M.R. § 18.21A(1)(c); id. § 18.22(1); 244 Mass. Gen. Laws § 35C(b)-(d).

In Galvin, the First Circuit held that a claim that a foreclosure was invalid because the mortgagee did not hold the note failed because the plaintiffs failed to allege that the signer of the note's endorsement to "U.S. Bank as Trustee" did not intend to endorse it to the bank as trustee for the specific trust that held the mortgage.  852 F.3d at 159 (citing 106 Mass. Gen. Laws § 3-110(a)).

A vice president of Residential Funding Company signed the latest endorsement on the Note at the time of the foreclosure notice.  Note 8.  Cranmore suggests that the hand-written allonge to the Note, which is dated January 26, 2016 and purports to endorse the Note from Residential Funding Company to U.S. Bank as Trustee for Series 2006-EMX9, demonstrates that the latter did not hold the Note when the Defendants published the notice of foreclosure.  Cranmore's Br. 9-10; Cranmore's Resp. Defs.' Br. 4-5.  If the first endorsement to U.S. Bank as Trustee before January 2016 was valid, Cranmore reasons, Residential Funding Company would no longer have been able to nor would they have had a need to endorse the Note to U.S. Bank as Trustee for Series 20060-EMX9 on January 26, 2016.  Id.

Wells Fargo and U.S. Bank as Trustee for Series 2006-EMX9 contend that the allonge was added merely to specify "the intended payee of the Original Endorsement" as Series 2006-EMX9. Defs.' Br. 3-4. Thus, the Defendants argue, U.S. Bank as Trustee for Series 2006-EMX9 already held both the Note and the mortgage when it published the foreclosure notice. Id. at 7.

Wells Fargo and U.S. Bank as Trustee for Series 2006-EMX9 point to the Certification, which states that U.S. Bank as Trustee for Series 2006-EMX9 is the noteholder and which Cranmore received at the same time as the notice of foreclosure, as evidence that U.S. Bank as Trustee for Series 2006-EMX9 owned the Note when the Defendants noticed foreclosure.[6][7] Defs.' Br. 9-10.

---

[6] Cranmore disputes the Defendants' characterization of the Certification as an "affidavit." Cranmore's Resp. 6 (citing Defs.' Br. 9-10).

[7] Wells Fargo completed the Certification in compliance with 209 C.M.R. § 18.21A(2)(c), which provides as follows:

A third party loan servicer shall certify in writing the basis for asserting that the foreclosing party has the right to foreclose, including but not limited to, certification of the chain of title and ownership of the note and mortgage from the date of the recording of the mortgage being foreclosed upon. The third party loan servicer shall provide such certification to the borrower with the notice of foreclosure, provided pursuant to M.G.L. c. 244, § 14 and shall also include a copy of the note with all required endorsements.

Massachusetts courts and other sessions of the District Court of Massachusetts have, in similar cases, found that similar documentation can serve as sufficient proof of a note endorsement that will meet the requirements of section 18.21A of title 209 of the Code of Massachusetts Regulations.  In Culley v. Bank of America, N.A., for example, the court held that a loan servicer sufficiently met the requirements of section 18.21A when it initiated foreclosure proceedings even though the note did not contain an explicit endorsement to the mortgagee, Bank of America.  See Civ. A. No. 18-40099-DHH, 2019 U.S. Dist. LEXIS 53709, *25-29 (D. Mass. 2019) (Hennessy, M.J.).  There, the court held that the note's endorsement in blank paired with the certification stating that Bank of America owned the note at the time foreclosure was noticed were "sufficient to prove ownership and enforceability."  Id. at *29 (citing Urbon v. J.P. Morgan Chase Bank, N.A., No. 1:17-CV-11302-DJC, 2017 WL 6379555, at *2 (D. Mass. Nov. 30, 2017) (recognizing that the entity that possesses a note endorsed in blank is the entity that holds it)).[8]

---

[8] The Defendants also suggest that U.S. Bank as Trustee for Series 2006-EMX9 held the note at the time it published the foreclosure notice because Wells Fargo, the servicer of the mortgage, possessed the note.  See Defs.' Br. 10-11.  This argument does not hold water.
    While it is true that a mortgage servicer may foreclose on a property when the mortgagee lacks physical possession of the note, see O'Neil v. Bank of N.Y. Mellon, 90 Mass. App. Ct. 1121,

While Residential Funding Company's endorsement to U.S.
Bank as Trustee does not make eminently clear that it intended
to endorse the Note to U.S. Bank as Trustee for Series 2006-EMX9
(emphasis added), Cranmore has failed to prove that the assignor
affirmatively did not intend to endorse it to the mortgagee.
Cf. Galvin, 852 F.3d at 159.  But see Galvin v. EMC Mortg.
Corp., 50 F. Supp. 3d 70, 81 (D.N.H. 2014) (holding that
endorsement to a bank as trustee without specifying a trust gave
rise to a "genuine dispute as to the meaning of the
endorsement.").  Moreover, as Cranmore has failed to prove that
the Defendants did not hold the Note when they noticed
foreclosure, she cannot prove that they violated section 35C(d)
when they asserted to the Court that they did.

---

1121 (Dec. 20, 2016) (recognizing that the holder of the
mortgage and the note could foreclose on a property when another
entity had actual possession of the note on its behalf), such an
arrangement requires that the note holder have authorized the
servicer to initiate foreclosure on its behalf.  Likewise,
"[w]here the mortgage holder and note holder are not the same,
the mortgage holder can demonstrate that it was authorized to
act as the note holder's agent" by "produc[ing] an instrument
executed by the note holder prior to the foreclosure proceedings
that expressly authorizes the mortgage holder to foreclose on
the loan" or by "produc[ing] a document from the note holder,
predating the foreclosure, generally authorizing the mortgage
holder to act in its discretion as the note holder's agent for
the purpose of foreclosing on a series of mortgages that
included the borrower's." Khalsa, 44 N.E.3d at 866.  The
Defendants have introduced no evidence of such a document here
so there is no indication that U.S. Bank as Trustee for Series
2006-EMX9 authorized Wells Fargo to act as its agent on the
Note.

The Defendants' sloppy recordkeeping here -- including employing different names for what appears to be the same trust in different documents and the very broad and undated assignment of the Note to "U.S. Bank as Trustee" -- have led to years of unnecessary and expensive litigation for both parties.  As Judge Talwani recently lamented and as applies equally here:

> Much of the dispute in this case could have been avoided if Defendants had ensured properly that its third-party loan servicer had the correct documents needed to meet its obligations under Massachusetts law. A third-party loan servicer must "certify in writing the basis for asserting that the foreclosing party has the right to foreclose, including . . . certification of the chain of title and ownership of the note and mortgage." 209 C.M.R. 18.21A(2). This regulation further mandates that "the third party loan servicer shall provide such certification to the borrower with the notice of foreclosure, provided pursuant to M.G.L. c. 244, § 14[,] and shall also include a copy of the note with all required endorsements." Id. (emphasis added).
>
> . . . As this case bears out, sloppy record keeping and the failure to double-check such copies against the original documents prior to initiating foreclosure proceedings may result in the use of incorrect and outdated information. The use of such information hampers the mortgagors' ability to be fully informed of the foreclosure proceedings as well as the courts' ability to efficiently resolve any related disputes. Rather than relying on potentially obsolete copies pulled from files of a loan servicer or other third party and engaging in a close review of documents in connection with a motion for a preliminary injunction, Defendants should have reviewed these documents prior to asserting a right to foreclose.

Whitehead v. HMC Assets, LLC, 2014 U.S. Dist. LEXIS 144369, *16-17 (D. Mass. 2014) (Talwani, J.).

Nonetheless, as this case is before the Court on Cranmore's Chapter 93A claim, it is her burden to show not only that the Defendants did not hold the Note when they noticed foreclosure (which may well be the case though the matter is unclear) but also that they knew or should have known as much. She has failed to prove either element. Therefore, this Court entered judgment for the Defendants. ECF No. 87.

## III. CONCLUSION

For the foregoing reasons, this Court granted judgment for the Defendants Wells Fargo and U.S. Bank as Trustee for Series 2006-EMX9.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE